UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Nyjee Boyd,

                              Plaintiff,

                -against-

Correction officer Charles Guthrie, et al.,

                          Defendants.

----------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __ 3/12/2024

7:22-CV-8549-NSR-VR

**SECOND AMENDED**
**ORDER OF SERVICE**

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff Nyjee Boyd, currently incarcerated in the Auburn Correctional Facility,[1] brings this pro se action under 42 U.S.C. § 1983, seeking damages. (*See* ECF No. 2). His claims arise from events that allegedly occurred in the Sing Sing Correctional Facility while he was incarcerated there. (*See id.* at 26).[2] Plaintiff's initial Complaint, filed in October 2022, raised claims against: (1) Correctional Officer Charles Guthrie; (2) Correctional Officer Asantewa K. Tulloch; (3) Correctional Sergeant Jose Candelario; (4) Correctional Officer Alexander; (5) Sing Sing Nurse Elizabeth Pemisi; (6) Sing Sing Disciplinary Hearing Officer "SORC [Marcia N.] Regisford"; (7) Sing Sing Superintendent Michael Capra; (8) Sing Sing Deputy Superintendent Elaine Velez; (9) Correctional Officer Vito G. Marsico; (10) Correctional Officer Rondy D. London; (11) Correctional Sergeant Martinez; (12) Correctional Officer Gonzalez; (13) Correctional Sergeant Gonzalez; (14) Correctional Officer Leon K. Lowe; and

---

[1] *See Incarcerated Lookup*, DEP'T OF CORR. & CMTY. SUPERVISION, https://nysdoccslookup.doccs.ny.gov (search DIN 15-B-2063) (last visited Feb. 14, 2024).

[2] All page numbers to documents filed on ECF refer to pdf pagination.

(15) Correctional Officer Felix Santiago Vasquez.  (*Id.* at 1–3).

By order dated October 11, 2022, the Court granted Plaintiff's request to proceed in forma pauperis (IFP), that is, without prepayment of fees.[3]  (ECF Nos. 1, 5).  By order dated October 28, 2022, the Court directed the Clerk of Court to: (1) issue summonses for all Defendants, (2) complete the USM-285 forms with the addresses for all Defendants, and (3) deliver all documents necessary to effectuate service on all Defendants to the U.S. Marshals Service.  (ECF No. 7).  Additionally, the Court directed Defendants to comply with S.D.N.Y. Local Rule 33.2.  (*Id.*).

On September 25, 2023, this action was referred to the undersigned for general pretrial supervision.  (ECF No. 34).

On December 6, 2023, the Court held a telephonic Status Conference, during which Plaintiff requested an extension of time to file an Amended Complaint.  (ECF No. 49; 12/06/2023 Minute Entry).  On December 18, 2023, Plaintiff filed his Amended Complaint, which adds six new defendants: (1) Albert T. Helms, of the Sing Sing Department of Security Administration; (2) Marlyn Kopp, First Deputy Superintendent at Sing Sing; (3) Sing Sing DSS Babu Thumpayil; (4) Correctional Sergeant David Brown; (5) Correctional Officer Kyle Barnes; and (6) Adam Padrone.  (ECF No. 51 at 43–44).

On February 15, 2024, the Court issued an Amended Order of Service, directing the U.S. Marshals Service to facilitate service of the Amended Complaint upon Defendants Helm, Kopp, Thumpayil, and Brown.  (ECF No. 65).  During today's telephonic Status Conference, Plaintiff alerted the Court that his Amended Complaint must also be served on Defendants Barnes and

---

[3] Under 28 U.S.C. § 1915(b)(1), a prisoner is not exempt from paying the full filing fee, even when the prisoner has been granted IFP status.  Rather, the Court assesses and collects the filing fee through monthly installments.  *See* 28 U.S.C. § 1915(b)(1)–(2).

Padrone, who were inadvertently left out of the initial Amended Order of Service. (ECF 03/12/2024 Minute Entry).

## DISCUSSION

### A. Service on the Newly-Added Defendants

Because Plaintiff has been granted IFP status, he is entitled to rely on the Court and the U.S. Marshals to effect service of process. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that the Court must order the U.S. Marshals Service to effect service if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Barnes and Padrone through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for Defendants Barnes and Padrone. The Clerk of Court is further instructed to issue a summons for Defendants Barnes and Padrone and to deliver to the U.S. Marshals Service all the paperwork necessary for them to effect service upon them.

Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the issuance of the summons. It is Plaintiff's responsibility to request, if necessary, an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff must also notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

### B. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. These discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local

Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Amended Complaint, Defendants Barnes and Padrone must serve responses to these standard discovery requests. In their responses, they must quote each request verbatim.[4]

## **CONCLUSION**

The Court directs the Clerk of Court to issue summonses for Defendants Barnes and Padrone; complete the USM-285 forms with the addresses for Defendants Barnes and Padrone; and deliver documents necessary to effect service on Defendants Barnes and Padrone to the U.S. Marshals Service.

The Court directs Defendants Barnes and Padrone to comply with Local Civil Rule 33.2 within 120 days of service of the Amended Complaint.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

**SO ORDERED.**

DATED:      White Plains, New York
               March 12, 2024

VICTORIA REZNIK
United States Magistrate Judge

---

[4] Plaintiff may request a copy of these discovery requests from the Pro Se Intake Unit.

## DEFENDANT AND SERVICE ADDRESS

1. Kyle E. Barnes
   Correctional Officer
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

2. Adam Padrone
   Correctional Officer
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442