**MEMO ENDORSED**



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

October 8, 2024

**Via ECF**
Hon. Victoria Reznik
United States Magistrate
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    Re: **Boyd v. Guthrie, et al., 22 CV 8549 (NSR) (VR)**

Dear Judge Reznik:

    I write on behalf of Defendants Correction Officer Charles Guthrie, Correction Officer Asantewa K. Tulloch, Correction Sergeant Jose Candelario, Nurse Elizabeth Pennisi,[1] Senior Offender Rehabilitation Coordinator Marcia N. Regisford, Superintendent Michael Capra, Deputy Superintendent Elaine Velez, Correction Officer Vito G. Marsico, Correction Officer Rondy D. London, Correction Sergeant Gabriel A. Martinez,[2] Correction Sergeant Julio C. Gonzalez,[3] Correction Officer Leon K. Lowe, Correction Officer Santiago Vasquez Felix,[4] Correction Officer Gonzalez and Correction Officer Alexander ("Defendants"), in response to this Court's Order at the Status Conference on October 1, 2024, directing the Defendants to provide an explanation as to why any and all disciplinary records of the Defendants should not be produced in response to the Plaintiff's oral Rule 37(a) motion for the same. (Doc. #s 90, 95)

    By way of background, Defendants served Discovery Responses and Objections to Plaintiff's First Request for the Production of Documents on May 9, 2024. A copy of said Responses is attached as Exhibit A. It should be noted that the first request from the Plaintiff and the response to the same was as follows:

> **REQUEST NO. 1:**
> Any and all disciplinary records of the following defendants C.O. Lowe, C.O. Gonzalez, Sgt. Gonzalez, C.O. London, C.O. Marsico, Sgt. Candelario, C.O. Alexander, C.O. Guthrie, C.O. Tulloch, that has been generated by DOCCS, this

---

[1] Sued herein as "Elizabeth Pemisi."
[2] Sued herein as "Sergeant Martinez."
[3] Sued herein as "Sergeant Gonzalez."
[4] Sued herein as "Felix Santiago Vasquez."

Hon. Victoria Reznik   Page 2 of 3
October 8, 2024

request includes investigation reports, complaints.

**RESPONSE TO REQUEST NO. 1:**

Defendants object to this request on the grounds that the same is overbroad, irrelevant, unduly burdensome, and not proportional to the needs of the case. Defendants object on the grounds that producing disciplinary information about DOCCS staff to incarcerated individuals may undermine correctional security. In addition, this action involves the alleged treatment Plaintiff received while at Sing Sing Correctional facility from March 20, 2022 through June 29, 2002. See Amended Complaint pp. 41-55. The complaints allege use of force, loss of privileges, failure to provide medical treatment, sexual assault, destruction of property, threats, and failure to protect him from other inmates. Id. at pp. 41-55. Defendants further object to this request on the grounds that the documents requested are privileged and confidential under, inter alia, the N.Y. Personal Privacy Protection law, Public Officers Law § 91 et seq., and that disclosure would constitute an unwarranted invasion of privacy, would disrupt the order and effective functioning of the correctional facility, would jeopardize institutional safety and correctional goals and the safety of staff, and potentially subject staff to intimidation, harassment and/or extortion. Notwithstanding and without waiving or in any way limiting general or specific objections, Defendants were never disciplined for any actions alleged in the Complaint, nor were Defendants previously disciplined for use of force, loss of privileges, failure to provide medical treatment, sexual assault, destruction of property, threats, and failure to protect one inmate from other inmates, and as such any reports are irrelevant to any claim or defense in this action.

With respect to Plaintiff's interrogatories, Defendants completely responded to the same as of September 19, 2024, and have provided the same previously. A copy of said Responses is attached as Exhibit B. The same will again be mailed under separate cover to the Plaintiff. Plaintiff stated on October 1, 2024, that Defendants admitted that at least one of the Defendants, Correctional Officer Cesar Gonzalez was disciplined. The pertinent Request and Response with respect to Correctional Officer Cesar Gonzalez are as follows:

Interrogatory No. 11: Since being employed with DOCCS have you been the subject of any investigation for excessive use of force, false reporting, or sexual misconduct? If yes, please describe each instance.

Response No. 11: Defendants object to the interrogatory as calling for information concerning incidents involving other incarcerated individuals disclosure of which might jeopardize correctional security. Subject to that objection, Defendant Gonzalez responds with the following answer: Yes, I have been the subject of an investigation for complaints of excessive use of force and inappropriate touching, but those complaints were found to be unsubstantiated.

The other Defendants were asked the same or a similar question, and gave a negative answer.

Defendants reiterate the grounds expressed above, which apply to all of the Defendants.

Hon. Victoria Reznik  Page 3 of 3
October 8, 2024

Plaintiff's document request is not limited to matters germane to this lawsuit. In any event, disclosure of personnel matters to incarcerated individuals creates security risks, included but not limited to revealing information that may make correctional staff vulnerable or subject to blackmail attempts, as well as redisclosure to other incarcerated individuals. Further, there is no relevant responsive information. None of the Defendants have been disciplined for mistreatment of incarcerated individuals. And, the allegation of mistreatment involving Defendant Gonzalez was found to be unsubstantiated. Accordingly, Defendants respectfully request that the Court deny the relief sought by Plaintiff for the production of any and all disciplinary records of the Defendants. Finally, as Plaintiff is pro se and any production would be made directly to him and, if he had been represented, any production of the material sought would be made pursuant to a protective order containing an attorney's eyes-only provision prohibiting disclosure to Plaintiff, the Court should review any document contemplated for production *in camera* for relevance and prejudice before directing any disclosure to Plaintiff.

I thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ John E. Jerman*
John E. Jerman
Assistant Attorney General

Cc:   Nyjee Boyd
      15-B-2063
      Sing Sing Correctional Facility
      354 Hunter Street
      Ossining, NY 10562-5441
      *Pro se*

At a recent conference, a dispute arose over whether Defendants were required to produce the disciplinary records of Defendant Cesar Gonzalez, after Gonzalez affirmed in a response to Plaintiff's interrogatory that he was investigated for a complaint of excessive use of force and inappropriate touching. Defendants were directed to submit a letter outlining their position for why they were not required to produce Gonzalez's disciplinary records. After consideration, Defendants' request to withhold Gonzalez's disciplinary records is **DENIED**, pending the Court's in camera review. Defendants are directed to submit Gonzalez's disciplinary records to the Court for in camera review by no later than **November 1, 2024.**

Contrary to Defendants' contention, it is well established that a plaintiff is entitled to disciplinary information of a defendant when that information is "similar to the conduct alleged in the complaint or . . . raises questions about [the defendant's] credibility," whether the information was "substantiated or not." *Henry v. City of New York*, No. 1:17-cv-03450(JGK)(SDA), 2021 WL 6055266, at *1 (S.D.N.Y. Nov. 19, 2021). Here, the complaint against Gonzalez was for excessive force and inappropriate touching, the same conduct alleged by Plaintiff in his complaint. Therefore, Plaintiff is entitled to production of the disciplinary records of Gonzalez after in camera review by this Court. *See Saavedra v. City of New York*, No. 19 Civ. 7491(JPC), 2021 WL 104057, at *1 (S.D.N.Y. Jan. 12, 2021).

The Clerk of the Court is kindly directed to close the gavel associated with ECF No. 97.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 10/25/2024